### SAULT STE. MARIE BRIDGE CO. v. POWERS, Auditor General.

### ST. CLAIR TUNNEL CO. v. SAME.

(Circuit Court, W. D. Michigan, S. D. May 19, 1905.)

TAXATION OF RAILROAD COMPANIES—SCOPE OF STATUTE—BRIDGE COMPANIES.
    A corporation organized under the Michigan statute "providing for the incorporation of railroads," whose business was to build and own a bridge used solely for railroad purposes, and which has always reported to the Railroad Commissioner and paid taxes as a railroad company, is a railroad, within the provisions of Act No. 173, p. 236, Acts Mich. 1901, providing for the taxation of the property of railroad companies.

In Equity. Suit to enjoin collection of taxes.

A. E. Miller (A. B. Eldredge, of counsel), for Sault Ste. Marie Bridge Co.

E. W. Meddaugh and Harrison Geer (L. C. Stanley, of counsel), for St. Clair Tunnel Co.

Charles A. Blair (Roger Irving Wykes, of counsel), for Auditor General.

WANTY, District Judge. In addition to the objections which are made by the complainant in the Michigan Railroad Tax Cases (just decided) 138 Fed. 223, this complainant claims that Act No. 173, p. 236, of the Laws of Michigan of 1901, under which the taxes in dispute were levied, does not apply to it. That statute provides that:

"It shall be the duty of said board to make an annual assessment, upon an assessment roll to be prepared by said board, of the property having a situs in this state as hereinafter defined, of railroad companies, union station and depot companies, express companies, doing business within this state, car loaning companies, and refrigerator and fast freight line companies, and all other corporations owning, leasing, running or operating any freight, stock, refrigerator, or any other cars, not being exclusively the property of any railroad company paying taxes upon its rolling stock under the provisions of this act, over or upon the line or lines of any railroad or railroads in this state."

Complainant contends that, as railroad bridge companies and railroad tunnel companies are not mentioned in the act, they may not be taxed under its terms. The complainant was organized in 1887 under Act No. 198, p. 496, of the Laws of Michigan of 1873, entitled "An act to revise the laws providing for the incorporation of railroads, and to regulate the running and management, and to fix the duties and liabilities of all railroad and other corporations owning or operating any railroad in this state," a section of which act authorized "any number of persons not less than seven to organize themselves into a corporation for the purpose of construct-

ing, operating and maintaining a railroad, railroad bridge or railroad tunnel." Since its organization complainant has reported to the Railroad Commissioner, and been taxed, under the Michigan general railroad law, as owner of an international bridge crossing the St. Mary's river between the United States and Canada. The company owns and operates no cars or engines. Its entire stock is owned by the Canadian Pacific, Duluth, South Shore & Atlantic, and Minneapolis, St. Paul & Sault Ste. Marie Lines; and its bridge was built and is used solely for the purpose of carrying on the railroad business of these companies, which contribute to the bridge company only such sums as are necessary to maintain the bridge and eventually retire its bonds. Section 20 of article IV of the Constitution of Michigan says, "No law shall embrace more than one object, which shall be expressed in its title," and therefore, when the complainant was organized under the statute referred to, it was organized as a railroad company, for, although railroad bridge and tunnel companies were mentioned in the body of the act, under its title they must have been considered railroad companies, and complainant could not be organized under that statute as anything but a railroad company. The title to the act was changed in 1899, but that did not change the character of the corporations already organized under it. The complainant, in its dealing with the state, has always been treated as a railroad company, and taxed under the provisions of the law applying to such corporations. The railroad companies organizing the complainant organized it for the purpose of carrying on a railroad business, and, although it owns no engines or cars, it does no business except a railroad business. If any one of the companies which organized the complainant owned the bridge, and used it as it is now being used by each of them, there could be no question as to its being used exclusively as a part of the railroad belonging to the company operating it. It is unquestionably railroad property, and, the corporation operating it having been organized under a statute which could provide only for the incorporation of railroad companies, and it having been reported and taxed under the statutes applying to railroad corporations, the Legislature must have intended to include complainant in Act 173.

In the case of Railway Companies v. Keokuk Bridge Co., 131 U. S. 371–389, 9 Sup. Ct. 770, 33 L. Ed. 157, where it became a question whether a railroad bridge company came within a statute of Pennsylvania which authorized any railroad company to enter into a lease or any other contract with any railroad with which it is connecting, either directly or by means of intervening lines, to form a continuous route for the transportation of persons and property, Mr. Justice Gray, in delivering the opinion of the court, said:

"Nor can we have any doubt that the bridge company was a railroad company, and the bridge a railroad, within the meaning of these statutes. The principal purpose and use of the bridge was the passage of railroad trains. It was, in substance and effect, a railroad built over water, instead of upon land; and, strictly speaking, it was a railway viaduct, rather than a bridge. Bridge Proprietors v. Hoboken Co., 1 Wall. 116, 17 L. Ed. 571."

For the reasons stated in the opinion in the Michigan Railroad Tax Cases and in this opinion, the bill in this case and the bill in the case of St. Clair Tunnel Company v. Perry F. Powers, Auditor General, should be dismissed.